UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
MIRANDA TAN and HASSAN MIAH,                                      :
                                                                  :
                               Plaintiffs          :        14-cv-2663 (ALC)
      v.                                                         :        **OPINION AND ORDER**
JOHN DOE,                                                         :
                                                                  :
                               Defendant.          :
------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiffs are a married couple residing in the state of New York. Plaintiff Tan is a graduate of St. John's University Law School and a marketing and public relations executive. Plaintiff Miah is a co-founder of a digital music company called UrFilez. In March 2012, a business dispute arose between Miah and co-founder and litigation ensued. The parties reached a settlement in December 2012. In August 2012, however, Plaintiffs allege that several derogatory posts began to appear on various blogs about them, including one containing their wedding photo, which accused them of fraudulent and unethical conduct, including siphoning money out of UrFilez. Plaintiffs allege the blogs have spread to other social media websites over the past several months, with resulting damage to both of their professional and personal reputations.

      Plaintiffs have filed here a *pro se* complaint against the John Doe Defendant they believe is responsible for this. The complaint asserts claims of copyright infringement, violations of the Computer Fraud and Abuse Act, defamation, tortuous interference, and false light. Plaintiffs

1

COPIES MAILED

have also filed an *ex parte* application to the Court seeking a subpoena directing several non-parties, including Google, Microsoft, Twitter, and Facebook, to assist them in identifying the John Doe, as well as a temporary restraining order directing these companies to remove the derogatory statements from their website. For the reasons stated below, the Court dismisses the federal law claims for failure to state a claim and the state law claims for lack of subject matter jurisdiction. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d. Cir. 2000) ("district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee" because of the "need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources") The Court's dismissal is without prejudice and with leave to the Plaintiffs to replead within 30 days.[1]

### I. Federal Law Claims

#### A. Computer Fraud and Abuse Act

The Computer Fraud and Abuse Act is a criminal statute that prohibits, among other things, "intentionally access[ing] a protected computer, without authorization," and "recklessly caus[ing] damage" or "caus[ing] damage and loss" as a result of the subject conduct. *See* 18 U.S.C. § 1030(a)(5)(B)-(C). The statute provides for a civil private right of action in certain cases, including where there is "loss to 1 or more persons during any 10-year period . . . aggregating at least $5,000 in value." *See* 10 U.S.C. § 1030(g), (c)(4)(A)(i)(I). Plaintiffs assert a

---

[1] The Court notes that, given that Plaintiff Tan is a law school graduate, Plaintiffs are not entitled to the special solicitude and latitude courts traditionally afford to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("lawyer representing himself ordinarily receives no such solitude at all") *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (*pro se* attorneys "cannot claim the special consideration which the courts customarily grant to *pro se* parties"). Relatedly, if Plaintiffs' elect to replead, the Court hereby instructs them that each Plaintiff should sign all court submissions. *See* Fed. R. Civ. P. 11(a); *see also* Local Civil Rule 11.1(a).

claim under these provisions alleging the Defendant "accessed Tan's personal pictures on her personal Facebook account, and knowingly used her private wedding pictures in the negative blog post without her authorization." Compl. ¶ 59, 60.

The Court holds that the complaint fails to state a claim under the CFAA for at least three reasons. First, the complaint fails to allege that a "computer," let alone a "protected" one was either accessed or damaged as a result of the conduct alleged. *See* 18 U.S.C. § 1030(a)(5)(A)-(B); *see also* Compl. ¶59 (alleging in a conclusory manner that Defendant caused damage to Plaintiffs' "protected computer system"). The CFAA defines "protected computer" to include a "computer . . . which is used in interstate or foreign commerce or communication." 18 U.S.C. 1030(e)(2)(B). In order to satisfy this element a Plaintiff must plead facts that give rise to a plausible inference of substantial use of the computer for ends related to interstate commerce. *See, e.g.*, *Quantlab Techs. Ltd., (BVI) v. Godlevsky*, 719 F. Supp. 2d 766, 775-76 (S.D. Tex. 2010) (collecting cases and holding that complaint that had alleged that computer was used for trading on financial markets around the world satisfied threshold). The complaint in this case pleads no such facts.

Second, even assuming *arguendo* that Defendant's access of the wedding photo through Facebook qualifies as unauthorized access of a protected computer, the CFAA claim is also deficient because it does not adequately allege that such access resulted in damage to the computer. Downloading and circulating even confidential information from a computer is not enough to cause damage to a computer within the meaning of the statute, as there must be some "destruction or the impairment to the integrity of the underlying data." *Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l Inc.*, 616 F. Supp.2d 805, 811 (N.D. Ill. 2009).

3

Plaintiffs CFAA claim fails in this regard because it does not allege that the wedding photo was destroyed or impaired.

Finally, Plaintiffs also fail to plead the type of loss contemplated by the statute. Plaintiffs do not allege that they need to "restore[] . . . data, [a] program, [a] system, or information to its condition prior to" the Defendant's conduct. 18 U.S.C. § 1030(e)(11); *see also Fink* v. *Time Warner Cable*, 810 F. Supp. 2d 633, 641 (S.D.N.Y. 2011). While the complaint alleges that the "aggregate losses resulting from [the Defendant's conduct] exceeds at least $10,000 in value," the specific allegations of loss in the complaint are the types of loss that are not cognizable under the statute. *Compare* Compl. ¶ 22 ("[Plaintiffs] reputation has been severely harmed and [Plaintiffs] have lost millions in potential business opportunities") *with Nexan Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 475, 478 (S.D.N.Y. 2004) ("loss" under the CFAA is limited to the "cost of investigating or remedying damage to a computer, or cost incurred because the computer's service was interrupted" and in particular did not extend to "travel costs of senior executives" or lost revenue unrelated to interruption of computer service). Accordingly, Plaintiffs' CFAA claim must be dismissed.

### B. Copyright Infringement

To establish a claim for copyright infringement, a Plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Additionally, copyright registration is a precondition to a copyright infringement claim, unless the holder has attempted to register the work and registration was refused. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Accurate Grading Quality*

*Assurance, Inc. v. Thorpe,* 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013)("Because Plaintiffs' complaint does not adequately allege they have satisfied this 'precondition to filing a claim,' their claim is necessarily barred and must be dismissed.") (citation omitted). In this case, however, the complaint alleges only that Plaintiffs "are the copyright owners of their wedding photograph." Compl. ¶ 62. Thus, given that it fails to allege that Plaintiffs' possess a legally valid copyright, or that they have satisfied the registration or attempted registration precondition to a copyright infringement claim, the claim must be dismissed.

### C. State-Law Claims

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (internal quotation marks omitted). As such, a court "may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding." *Adams v. Suozzi*, 433 F.3d 220, 224 (2d Cir. 2005); *see also HICA Educ. Loan Corp. v. Meyer,* No. 12-cv-4248, 2014 WL 1694928, at *2 (S.D.N.Y April 23, 2014) (dismissing *pro se* complaint *sua sponte* because of lack of subject matter jurisdiction). This is true here notwithstanding the fact Plaintiffs have brought a claim against a John Doe Defendant. *See Sinclair v. TubeSocktedd,* 596 F. Supp. 2d 128, 132-33 (D.D.C. 2009) ("The law is clear . . . that a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite [subject matter jurisdiction] actually exists.").

There are two principal bases of federal court jurisdiction: diversity jurisdiction, and federal question jurisdiction. As Plaintiffs' state law claims neither "arise under" any federal law, nor present a "contested and substantial federal question," so as to give rise to federal question jurisdiction, *see, e.g., HICA Educ.*, at 2014 WL 1694928, at *2 (citing *Grable & Sons Metal Products, Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)), jurisdiction here could

only be premised on diversity, which exists where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).[2] Such diversity jurisdiction is lacking in this case because, while the complaint seeks more than $75,000, it does not contain any allegations that would allow the Court to plausibly infer that the John Doe Defendant is, unlike Plaintiffs, not a resident of the state of New York. *See, e.g., Van Dyke v. Partners of Debevoise & Plimpton LLP*, No. 12-cv-8354, 2013 WL 5375542, at *7 (S.D.N.Y. Sept. 24, 2013) (dismissing *pro se* complaint because of failure to plead allegations that would allow court to plausibly infer the satisfaction of the amount in controversy requirement); *see also Sinclair*, 596 F. Supp. 2d at 134 ("Federal jurisdiction based on diversity of citizenship cannot be simply assumed . . . with discovery then permitted in hopes that a proper basis for jurisdiction can later be ascertained. The proper course in a setting like this one is for a plaintiff to pursue any valid claims in a state court where both subject-matter and personal jurisdiction exist.").

Finally, given that the Court has already dismissed Plaintiffs' federal law claims, the Court finds that this is not an appropriate case for the exercise of supplemental jurisdiction over the remaining state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen federal-law claims have dropped out of the lawsuit in its early stages, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). The state-law claims are therefore dismissed.

---

[2] The Court expresses no view at this time as to the legal or factual sufficiency of the underlying state-law claims.

**SO ORDERED.**

**Dated:** May 1, 2014

    **New York, NY**

                                        **ANDREW L. CARTER, JR.**
                                      **United States District Judge**